{¶ 24} I respectfully dissent. A review of the record demonstrates that Mrs. Louden has established issues of material fact on all three elements under Fyffe, supra.
 CEI's knowledge of the danger {¶ 25} I agree with the majority that there are genuine issues of material fact regarding the first element. CEI conceded that, nearly five years before the decedent started working there, it knew that harm could result from asbestos exposure. Further, several employees died from asbestos-related conditions in the 1980s. Former manager Al Kennedy admitted that CEI knew the workers were being exposed to asbestos from 1977 through 1985. Accordingly, I agree with the majority that Mrs. Louden has met her burden in demonstrating a genuine issue of material fact regarding the first element under Fyffe.
 Substantial certainty of harm {¶ 26} I respectfully disagree with the majority's assessment that there are no genuine issues of material fact regarding the second element. I find Mrs. Louden's argument well taken — that CEI management knew that employees working around asbestos without protective gear were substantially certain to be injured. To be liable for intentional tort, CEI need only have been aware that injuries or fatalities were substantially certain if reasonable precautions were not taken against reasonably foreseeable events. Emminger v. Motion Savers, Inc. (July 18, 1990), 1st Dist. No. C-890272. *Page 12 
 {¶ 27} While the evidence suggests that CEI provided safety equipment and safety manuals to its employees, there is also irrefutable evidence that there were OSHA violations for lack of respirator use and instruction. Further, former CEI supervisors testified that workers often had no access to respirators or that safety was not always enforced. For example, Al Kennedy admitted that he had seen employees working with insulation without a respirator and that the decedent was not required to wear a respirator while sweeping asbestos dust. Testimony also revealed that CEI knew that asbestos was dangerous before the decedent began working there; that asbestos caused the death of three of its employees in the 1980s; and that the decedent was being exposed to asbestos.
 {¶ 28} I disagree with the majority's conclusion that the evidence only raises issues of CEI's negligence or recklessness. Despite CEI's knowledge of the dangers and existence of three earlier deaths, it appears, from manager and employee testimony, that safety precautions were not always enforced. The deaths of employees shows that CEI was aware that injuries or fatalities were substantially certain if reasonable precautions were not taken. Requiring and enforcing the use of respirators and masks are reasonable precautions that CEI should have taken against these foreseeable injuries. In light of these facts, I think that there is sufficient evidence of the existence of substantial certainty to submit the case to a jury. Accordingly, I would find that Mrs. Louden met her burden in demonstrating genuine issues of material fact regarding the second element under Fyffe. *Page 13 
 CEI required the decedent to perform the dangerous task {¶ 29} Finally, I also believe that there are genuine issues of material fact as to whether CEI required the decedent to work despite the known dangers (the third element under Fyffe). In Taulbee v.Adience, Inc. (May 29, 1997), Franklin App. No. 96APE11-1502, the court found that "evidence of an act by the employer to require the employee to perform the dangerous task as part of his assigned job duties is sufficient to satisfy" the third Fyffe element. Clearly, the testimony shows that the decedent was expected to perform his job duties at all times he was exposed to asbestos. Accordingly, I would find that Mrs. Louden met her burden in demonstrating issues of material fact regarding this final element.
 {¶ 30} In my opinion, summary judgment in favor of CEI was inappropriate due to the numerous issues of material fact that remain in this case. Accordingly, I would sustain Mrs. Louden's assignment of error and reverse the trial court's granting of summary judgment in favor of CEI. *Page 1